IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

SAMUEL JAY LOVE                                                                                          PLAINTIFF
ADC #168174

v.                                              3:23CV00260-JM-JTK

ZACHARY BRANDON, et al.                                                                        DEFENDANT

## ORDER

Defendant Zachary Brandon has filed a Motion to Compel. (Doc. No. 30). See FED. R. CIV. P. 37(a)(3)(B). Defendant Brandon's Motion (Doc. No. 30) is GRANTED in part and DENIED in part, as explained below.

Defendant Brandon propounded his First Set of Interrogatories and Requests for Production on June 25, 2024. (Doc. No. 30 at ¶ 2). Plaintiff Samuel Jay Love ("Plaintiff") filed his Responses with the Court (Doc. No. 29), but certain interrogatory responses were not complete and Plaintiff failed to produce any documents—including an executed medical authorization. (Id. at ¶ 4). Defendant Brandon sent Plaintiff a good faith letter on July 26, 2024. (Doc. No. 30-1). (See Local Rule 7.2(g) of the Local Rules of the Eastern and Western Districts of Arkansas ("All motions to compel discovery . . . shall contain a statement by the moving party that the parties have conferred in good faith on the specific issue or issues in dispute and that they are not able to resolve their disagreements without the intervention of the Court.")) Plaintiff did not respond to Defendant Brandon's discovery requests. On August 16, 2024, Defendant Brandon filed his Motion. (Doc. No. 30).

On August 22, 2024, the Court directed Plaintiff to respond to Defendant Brandon's Motion to Compel within 15 days, or by September 6, 2024. (Doc. No. 32). Plaintiff has not responded to Defendant Brandon's Motion and the time for doing so has passed.

The Court has reviewed Plaintiff's responses to Defendant Brandon's interrogatories. Interrogatory No. 10 asked Plaintiff to identify the name and ADC number of any inmate with whom Plaintiff spoke about the allegations in his Complaint. (Doc. No. 29 at 6). Plaintiff responded: "You're not getting any of this information. End of statement." (Id.). Interrogatory 12 asked Plaintiff information if he "responded affirmatively to Interrogatory Number 14." (Id.). Interrogatory 12 then sought information about certain medical or psychological treatment. (Id.). In response, Plaintiff correctly noted that there was no Interrogatory 14. (Id.). Plaintiff also wrote: "You're not getting any of my medical information. I was refused medical treatment from the very beginning of the incident to the present time anyway." (Id. at 7).

Federal Rule of Civil Procedure 26 governs discovery. Rule 26(b)(1) provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

In his Complaint, Plaintiff alleged he was denied 16 meals. (Doc. No. 2). Plaintiff further alleged that: [n]ot a single guard reported this toe the infirmary at any time. If they did, I was never seen by medical and they certainly didn't give a s**t." (Id. at 7). Defendant Brandon is entitled to Plaintiff's medical records—for example, the records may be relevant to Defendant Brandon's defense regarding damages.

Accordingly, Defendant Brandon's Motion to Compel (Doc. No. 30) is granted in part and denied in part. As to Interrogatory No. 12, Plaintiff correctly pointed out that there was no Interrogatory No. 14 and that he received no treatment. (Doc. No. 29 at 7). The Court finds this

response sufficient. But Plaintiff must respond to Interrogatory No. 10 and Defendant Brandon's Requests for Production, including a signed medical authorization.

**Plaintiff is directed to respond to Defendant Brandon's Interrogatory No. 10 and Defendant Brandon's Requests for Production—including an executed medical authorization—within fifteen (15) days of the date of this Order. If Plaintiff does not do so, I will recommend that this case be dismissed without prejudice.** FED. R. CIV. P. 37(b)(2)(v); FED. R. CIV. P. 41(b).

IT IS SO ORDERED this 17th day of September, 2024.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

3