IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

SAMUEL JAY LOVE                                                                                    PLAINTIFF
ADC #168174

v.                                          3:23CV00260-JM-JTK

ZACHARY BRANDON, et al.                                                              DEFENDANT

### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition ("Recommendation") has been sent to United States District James M. Moody, Jr. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Pending is Defendant Zachary Brandon's Motion to Dismiss for Lack of Prosecution. (Doc. No. 33). For the reasons set out below, the Court recommends Defendant Brandon's Motion (Doc. No. 33) be granted and Plaintiff's claims be dismissed without prejudice.

According to Defendant Brandon, he propounded his first set of discovery requests on June 25, 2024. (Doc. No. 34 at 1). After Plaintiff failed to respond, Defendant Brandon filed a Motion to Compel. (Doc. Nos. 30, 31). The Court directed Plaintiff to respond to the Motion to Compel within 15 days. (Doc. No. 32). On September 17, 2024, the Court granted in part Defendant Brandon's Motion to Compel and directed Plaintiff to respond to Defendant Brandon's discovery

requests within 15 days. (Doc. No. 35). On September 13, 2024, Defendant Brandon filed his pending Motion to Dismiss. (Doc. No. 33). On September 19, 2024, the Court directed Plaintiff to respond to the Motion within 15 days. (Doc. No. 36).

To date, Plaintiff has not responded to Defendant Brandon's Motion and the time for doing so has passed.

Federal Rule of Civil Procedure 41(b) governs involuntary dismissal. Rule 41(b) reads:

> Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

FED. R. CIV. P. 41(b).

In addition, Rules 37(b)(2)(A)(v) and 37(d)(3) of the Federal Rules of Civil Procedure provide that if a party fails to obey an order to provide discovery, or fails to serve answers to interrogatories, the Court may sanction the party by dismissing the action.

Here, Plaintiff failed to comply with the Courts' September 17, 2024 Order directing Plaintiff to fully respond to Defendant Brandon's discovery requests. Plaintiff also failed to comply with the Court's August 22, 2024, and September 19, 2024, Orders. Under these circumstances, the Court finds that Plaintiff's Complaint should be dismissed without prejudice.

IT IS, THEREFORE, RECOMMENDED that:

1. Defendant Brandon's Motion to Dismiss (Doc. No. 33) be GRANTED;

2. Plaintiff's Complaint be DISMISSED without prejudice; and

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

Dated this 10th day of October, 2024.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE